

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD ABDUL HANNAN, AKA Noor Basher, | Nos. 13-74094     14-70419 |
| Petitioner, | Agency No. A072-514-510 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

The Board of Immigration Appeals correctly determined that Mohammad

Abdul Hannan is subject to removal for seeking to procure an immigration benefit

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by fraud or willfully misrepresenting a material fact. *See* 8 U.S.C. § 1182(a)(6)(C)(i).

Substantial evidence supports the Board's conclusion that Hannan willfully filed an application for asylum under a false name and identity, and that the misrepresentations he made were material. A willful misrepresentation is one that is "deliberate and voluntary." *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995). In making his false application, Hannan provided a photograph and a declaration, signed a document in which he agreed to testify truthfully, and completed an asylum interview under his assumed identity. These acts were deliberate and voluntary. A material misrepresentation is one that has "a natural tendency to influence" the decisions of the Department of Homeland Security (DHS). *Id.* (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)). The misrepresentations in Hannan's application spoke directly to his credibility, and thus had a tendency to influence DHS' decisions. Furthermore, there is no evidence to support Hannan's arguments that he timely recanted his application and that the Immigration Judge was biased. Because Hannan's misrepresentations were both willful and material, Hannan is subject to removal. *See* 8 U.S.C. § 1182(a)(6)(C)(i).

Hannan's contention that he did not know enough English to understand that he was making a false application is unpersuasive. By the time he submitted the application, Hannan had: lived in the United States for a decade; obtained a driver's license; worked in the food service industry; filed taxes; and owned and operated several businesses. There is no evidence that he used a language other than English in these activities.

Hannan's reliance on *Urooj v. Holder*, 734 F.3d 1075 (9th Cir. 2013), is misplaced. In that case, we held that impeachment evidence alone could not satisfy DHS' burden of proof in an asylum termination case. *Id.* at 1078–79. Here, the agency provided substantive evidence of Hannan's willful and material misrepresentations, including documentary evidence of the false application and Hannan's direct testimony. DHS carried its burden of proof.

For the foregoing reasons, the Board did not abuse its discretion in denying Hannan's motion for reconsideration.

**PETITIONS DENIED.**